**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leslie R. Hess, ) | CV-08-00131-FRZ-JCG |
|      Plaintiff, ) | |
| vs. ) | **REPORT & RECOMMENDATION** |
| Michael J. Astrue, ) Commissioner of Social Security, ) | |
|      Defendant. ) | |

Pending before the Court is a Motion and Memorandum in Support of Motion to Dismiss Complaint Or, In the Alternative, to Reset The Time to File An Answer, filed by Defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner") on July 3, 2008. (Doc. No. 13.) Plaintiff filed his Opposition to Defendant's Motion to Dismiss on August 6, 2008. (Doc. No. 17.) The Commissioner filed a Reply on August 7, 2008. (Doc. No. 18.) The Commissioner seeks dismissal of Plaintiff's action on the grounds that his appeal was untimely by one day. Plaintiff does not dispute that the appeal was untimely, but seeks equitable tolling due to the delay of the Appeals Council in rendering its decision.

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a report and recommendation. After review, the Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the Commissioner's Motion.

//

//

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts underlying the Motion are undisputed. Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") on April 17, 2001. The original application was denied by an Administrative Law Judge ("ALJ"). On August 6, 2004, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. On November 22, 2005, after conducting a supplemental hearing, the ALJ again denied Plaintiff's application.

Following this denial, Plaintiff requested that the Appeals Council review the ALJ's ruling. The Appeals Council declined to review the ruling and on December 13, 2007, sent notice of its decision to the Plaintiff and his attorney. The notice informed Plaintiff that he could file a civil action with the District Court within sixty (60) days from receipt of the notice. According to Plaintiff's counsel, the denial by the Appeals Council was issued only after counsel brought the matter to the attention of the Council, which counsel alleges "had apparently misplaced Plaintiff's appeal file." (Opp. at 2.)

On February 20, 2008, Plaintiff filed a civil action in this Court, seeking review of the denial of Plaintiff's application for benefits.

On July 3, 2008, the Commissioner filed its motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that Plaintiff failed to file his civil action within the sixty (60) day period set forth in 42 U.S.C. §405(g).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964 (citations

and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1968 (abrogating a literal reading of *Conley*, 355 U.S. at 45-46). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 1973. When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994), and all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997).

## DISCUSSION

Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for and limited by sections 205(g) and (h) of the Act. *See* 42 U.S.C. § 405(g) and (h). The action must be "commenced within sixty days after the mailing to [plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). "[T]he date of receipt of notice . . . of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

In the present case, the Appeals Council sent notice of its decision to Plaintiff and his attorney on December 13, 2007. By operation of law, Plaintiff is deemed to have received constructive notice of the final decision of the agency on December 18, 2007. Plaintiff was therefore required to file his civil action with the district court on or before February 19, 2008.[1] Plaintiff acknowledges that the deadline for filing his appeal was February 19, 2008, and that he did not file his civil action until February 20, 2008 – one day later.

The sixty (60) day period enumerated in 42 U.S.C.A. 405(g) is not jurisdictional and may be extended by either the Commissioner of Social Security or the courts. *Johnson v.*

---

[1] Sixty (60) days from December 18, 2007 would place the deadline for filing on February 16th, 2008. However, because February 16th was a Saturday and because the following Monday, February 18, was a holiday, the final day for Plaintiff to file a civil action was Tuesday, February 19, 2008.

*Shalala*, 2 F.3d 918, 923 (9th Cir. 1993). The Commissioner may extend the statute of limitations for good cause "upon a minimal showing of hardship." *Torres v. Barnhart*, 417 F.3d 276, 283 (2d Cir. 2005) (Jacobs, J., concurring); *see* 20 C.F.R. § 416.1482, 20 C.F.R. § 1411(a) and (b).[2] The courts, however, follow a more stringent standard, tolling the statute of limitations only if the tolling is justified by "traditional equitable tolling principles." *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). These principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment, *see id.*; the equities in favor of tolling the limitations period must be "so great that the deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (citing *Matthew v. Eldridge*, 424 U.S. 319, 330 (1986)); *Jackson v. Astrue*, 506 F.3d 1349, 1354 (11th Cir. 2007) (citations omitted).

A court should dismiss an action that was not filed within the sixty (60) day period set forth by 42 U.S.C.A. 405(g) unless the "litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citations omitted). Extraordinary circumstances

---

[2] Pursuant to 20 C.F.R. § 416.1411, in determining whether good cause exists, the Commissioner must consider:

> (1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review." Examples of circumstances where good cause may exist are set forth in 20 C.F.R. § 416.1411(b) and include: (1) serious illness of the claimant such that the claimant was prevented from contacting the Commission in person, in writing, or through a friend, relative or other person; (2) the death or serious illness of an immediate family member; (3) the destruction of important records by an accidental cause; (4) due diligence in attempting to find necessary information; (5) the claimant requested additional information within the time limit and the claimant took further action; (6) the Commission gave the claimant incorrect or incomplete information about when and how to file suit; (7) non-receipt of the initial determination or decision; (8) the request for review was timely sent to another government agency in good faith; or (9) unusual or unavoidable circumstances, which show that the claimant could not have known of the need to file timely or which prevented the claimant from filing timely.

Plaintiff, however, did not request an extension from the Commissioner.

1 do not exist in instances "where the claimant [merely] failed to exercise due diligence in
2 preserving his legal right" due to the claimant's own neglect. *Irwin v. Department of*
3 *Veterans Affairs*, 498 U.S. 89, 96 (1990); *see Jackson*, 506 F.3d 1356 (claimant failed to
4 show that her limited legal experience prevented her in some extraordinary way from timely
5 filing her complaint in district court).

6       Counsel offers no explanation for the untimely filing. Rather, he asserts that equitable
7 tolling is appropriate based on "the inordinate delay caused by the Defendant" in processing
8 the claim. (Opp. at 2.)  The alleged delay by the Commissioner, however, does not provide
9 a legal basis for equitable tolling. The limited circumstances which warrant its application
10 only include situations "where the claimant has actively pursued his judicial remedies by
11 filing a defective pleading during the statutory period, or where the complainant has been
12 induced or tricked by his adversary's misconduct in allowing the filing deadline to pass."
13 *Irwin*, 498 U.S. at 96; *see also Bowen*, 476 U.S. at 481-82 (equitably tolling the limitations
14 period where secret, internal policy prevented social security claimants from knowing the
15 basis of their claim).  Tolling based an adversary's misconduct or concealment requires the
16 adversary to take affirmative steps towards misleading a claimant. *See Jackson*, 506 F.3d at
17 1356 (rejecting claim that county court clerk misled claimant by processing social security
18 complaint that should have been filed in federal court and concluding such did not warrant
19 application of equitable tolling doctrine because there was no affirmative misconduct, such
20 as deliberate concealment, by clerk). In the absence of such misconduct, the Ninth Circuit
21 has held that it is an abuse of discretion to apply the doctrine of equitable tolling.  For
22 example, in *Johnson v. Shalala*, 2 F.3d 918, 918 (9th Cir. 1993), the Ninth Circuit reversed
23 a district court decision to certify a class of social security claimants which included some
24 claimants whose claims had become final, *ie*. claimants who had not challenged a final
25 decision by the Secretary within the sixty day limitations period.  2 F.3d at 920.  After
26 reviewing the Supreme Court's decision in *Bowen v. City of New York*, and other circuit
27 decisions interpreting *Bowen v. City of New York*, the Ninth Circuit held that the district court
28 abused its discretion in equitably tolling the limitations period with respect to those

claimant's claims, stating:

> The rationale for equitable tolling in *City of New York*, a secret, internal policy that prevented the claimants from knowing the basis of their claim, simply does not apply to these claimants, who knew the basis of their claim, yet chose not to pursue it.

*Johnson,* 2 F.3d at 923, n. 2. The court concluded that all claimants whose claims had lapsed at the time the class action was filed, were barred from seeking relief. *Id.* at 923. Because the Appeals Council's alleged delay in deciding the Plaintiff's appeal from the ALJ's decision does not involve any affirmative misconduct, equitable tolling cannot be applied on the basis of that delay.

Plaintiff urges the Court to extend the limitations period because the Commissioner would not be prejudiced by a one-day extension. Plaintiff's argument is much like that pressed in *Cook v. Commissioner of Social Security*, 480 F.3d 432 (6th Cir. 2007), a decision which this Court finds persuasive. There the plaintiff was also one day late in filing his appeal to the district court of the Appeals Council's decision. Like the Plaintiff in the present action, plaintiff offered no excuse for his failure to file within the 60-day appeal period. The Sixth Circuit affirmed the dismissal of his complaint, finding that the applicable factors did not warrant application of equitable tolling. In so doing, the court concluded: "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system. . . . In the end, this case is a classic reminder of the risk that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." 480 F.3d at 437.

It appears that in this case, counsel simply miscalculated the limitations period for filing an appeal to the district court. Unfortunately, an attorney's mistaken determination of the limitations period does not provide a basis for tolling in this circuit. S*ee Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir.2002). The Ninth Circuit has repeatedly held that an attorney's miscalculation of the statute of limitations is insufficient, without more, to warrant equitable tolling. *See id.* (attorney miscalculation of AEDPA limitations period did not merit

equitable tolling); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of deadline for filing a federal habeas petition and other general negligence do not constitute extraordinary circumstances); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (3rd Cir. 2001) (attorney error in calculating time period for habeas petition is inadequate to create the extraordinary circumstances required for equitable tolling). In the rare cases where the courts have found attorney error warranted tolling, there were extraordinary circumstances where claimants were misled by their attorneys. *See, e.g., Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005) (evidentiary hearing required to determine applicability of equitable tolling where claimant was seriously misled by attorney and reasonably believed an attorney had agreed to file social security appeal in federal court); *and Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (ordinary attorney negligence will not justify equitable tolling; however, where attorney was hired a year in advance of the deadline, failed to prepare and file a habeas petition, was contacted by petitioner numerous times and was requested to return the file which he nonetheless retained beyond the limitations period, attorney's misconduct may have risen to level of extraordinary circumstances). Such is not the case here.

### RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the Commissioner's Motion to Dismiss. (Doc. No. 44.) Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-08-0131-FRZ-JCG.**

DATED this 10th day of December, 2008.

Jennifer C. Guerin
United States Magistrate Judge